IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOBBY SHANE CHARLTON,

        Plaintiff,        6:09-cv-01246-TC

        v.        FINDINGS AND RECOMMENDATION

OREGON DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff filed a complaint under 42 U.S.C. sec. 1983 alleging that "the medical staff" at the Twin Rivers Correctional Institution, violated his due process rights and rights under the Eighth Amendment by failing to provide him "with a proper and certified medical diagnosis and subsequent treatment." Amended Complaint (#11) p. 1-2.

In a Findings and Recommendation (#54) adopted by the

1 - FINDINGS AND RECOMMENDATION

Court's Order (#61), defendant's Motion to Dismiss (#45) was allowed on the ground that plaintiff had not exhausted administrative remedies with respect to his claims, and a Judgment of Dismissal without prejudice was entered (#62).

In a Memorandum (#76) entered October 10, 2012, the Ninth Circuit Court of Appeals held:

> The district court dismissed for failure to exhaust administrative remedies after interpreting a statement in Charlton's motion for extension of time as a concession to nonexhaustion.[1] However, Charlton later clarified that his statement had been misinterpreted and that he did not in fact concede nonexhaustion. Charlton also did not have the opportunity to oppose defendants' motion to dismiss before the district court dismissed for nonexhaustion. Accordingly, we vacate the judgment, and remand for further proceedings consistent with out disposition, including for the district court to allow Charlton an opportunity to oppose defendants' motion to dismiss.

Memorandum (#76) p. 2.

Plaintiff has now filed an (amended) Response to Motion to Dismiss - Documents in Evidence of Exhaustion of grievance process (#78) and an Opposition to Defendant's Reply Brief (regarding) failure to exhaust administrative remedies (#101).

In his Response (#78) plaintiff states: "Plaintiff at this time only pursues a money claim against Dr. Greg Lytle

---

[1] In a request for extension of time (#45) filed in response to defendants' motion to dismiss, plaintiff stated that he was "unable to move forward ... at this time." He also alleged that he needed to "work through the grievance process and or get the Federal Court intervention."

2 - FINDINGS AND RECOMMENDATION

and a declaratory claim against Max Williams." Response to Motion to Dismiss (#78) p. 2. In plaintiff's Sur-reply plaintiff alleges that his claim against defendant Williams "is for equitable relief only (not money damages)." Plaintiff's Sur-reply to defendant's reply Brief (#90) p. 1. In addition, plaintiff's briefs only present argument in support of his claims against defendants Lytle and Williams. Therefore, I find that plaintiff concedes or has abandoned his claims against the other named defendants[2] and those claims should be dismissed.

In Claim One plaintiff alleges that defendant Lytle violated his constitutional rights by failing to adequately treat plaintiff's medical complaints.

The record reflects that plaintiff filed two grievances concerning defendant Lytle.

On November 14, 2008, the grievance coordinator at TRCI received a grievance from plaintiff dated November 10, 2008. Plaintiff's grievance concerned Dr. Lytle's treatment of his shoulder. The grievance was accepted, processed, and assigned a number G08-11-16.

Plaintiff received a grievance response signed and dated by S. Johnson on November 26, 2008. *See*, Declaration of Vickie

---

[2]Specifically, defendants State of Oregon, Mills, Wettlaufer, and Hoefel.

3 - FINDINGS AND RECOMMENDATION

Reynolds (#47) p.4-5 and Attachment 4 p. 186 - 188; *see also* Id. Attachment 4, p. 172 (plaintiff's statement that he received the Grievance Response to Grievance G0811-16.

The Declaration of Vicki Reynolds states that plaintiff did not file a grievance appeal.

Plaintiff has not controverted the Reynolds Declaration or submitted evidence or argument that he appealed the response to Grievance G08-11-16. Therefore, I find that plaintiff did not exhaust administrative remedies as to Grievance G08-11-16 concerning Dr. Lytle's treatment of his shoulder pain.

On April 15, 2009, the Grievance Coordinator at EOCI received a grievance from plaintiff dated March 25, 2009 complaining about Dr. Lytle's treatment of his shoulder and requesting that he be paid for his pain and discomfort and for "the nerve damage I will probably have for the rest of my life." Declaration of Vicki Reynolds (#47) p. 5 and Attachment 4, p. 161. The grievance was accepted, processed, and assigned number G09-04-41 and forwarded to Health Services for a response. Id.

The Declaration of Vicki Reynolds states that "[t]he grievance response was then forwarded to Inmate Charlton." Declaration of Vicki Reynolds (#47) p. 6 and Attachment 4, p. 123; *see also*, Response to Motion to Dismiss (#78) p. 2 and

4 - FINDINGS AND RECOMMENDATION

Exhibit 2 and Plaintiff's Opposition (#101) p. 6. Plaintiff alleges that on May 26, he also received a copy of a previous Grievance Response to Grievance G08-11-16. *See*, Plaintiff's Opposition (#101) p. 6, and Response to Motion to Dismiss (#78) p. Exhibit 2.

Plaintiff alleges that he "responded on May 30, 2009 by filing a Second Grievance Appeal Exhibit 5 but received no response to this. Response to Motion to Dismiss (#78), p. 2. Plaintiff's "Exhibit 5" is a Grievance Appeal Form concerning a "second" appeal of Grievance G09-04-41.

The Declaration of Vicki Reynolds states "(20) On April 25, 2009, Inmate Charlton filed a grievance appeal. ... (21) On April 29, 2009 the grievance appeal was returned as denied for failing to file the grievance within the period allowed. (14) days. Declaration of Vicki Reynolds (#47) p. 6. However, the exhibits referenced by Ms. Reynolds are a Grievance Appeal dated April 25, 2009, and a Grievance Appeal Return Notice dated April 25, 2009, a month before plaintiff received the Grievance response to G09-04-41. See Declaration fo Vicki Reynolds (#46) p. 6, footnotes 15 and 16, Attachemnt 4, p. 95 and 99.

Plaintiff apparently filed multiple overlapping grievances concerning similar issues and the history of his grievance process is complicated. Neither party has presented

5 - FINDINGS AND RECOMMENDATION

a history of plaintiff's grievances concerning Dr. Lytle.

However, this much is clear. The April 25, 2009, grievance appeal that was denied as untimely could not have been as to the Grievance response received by plaintiff on May 26, 2009. Moreover, plaintiff filed a grievance appeal on May 30, 2009 specifically referring to Grievance G09-04-41. Defendants have not controverted plaintiff's allegation that defendants did not respond to that grievance appeal or presented any argument regarding that document [Plaintiff's Opposition (#101) Exhibit 3.

Under these circumstances, defendants have failed to establish that plaintiff failed to exhaust administrative remedies as to his claim s against defendant Lytle.

In Claim Two plaintiff alleges violations of his Fourteenth Amendment due process rights "which in turn has violated his Eighth Amendment, to be free from cruel and unusual punishment." Amended Complaint (#11) p. 7. Plaintiff seeks to hold defendant Williams liable because he has allegedly "knowingly and willingly allowed OARs to stand after the Federal Courts have ruled that they were unconstitutional and violates are rights." (Sic) Amended Complaint (#11) p. 14.

As a preliminary matter the record reflects that plaintiff is no longer in the custody of the Oregon Department of Corrections. Therefore, his claim for (unspecified)

6 - FINDINGS AND RECOMMENDATION

"equitable relief" is moot. See, <u>Dilly v. Gunn</u>, 64 F.3d 1365 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517 (9th Cir. 1991).

However, plaintiff also seeks unspecified "declaratory relief." A claim for such relief would not necessarily be rendered moot by plaintiff's transfer or release. However, for the reasons set forth below, plaintiff's allegations fail to state a claim against defendant Williams.

Plaintiff's pro se allegations are less than crystal clear and the specific OARs he objects to are not clearly identified in his complaint. "One of these rules (OARs) I went into in the complaint against Ms. Nelson, the Grievance Coordinator. And it was the rule about not processing our grievance because of language used in the grievance[3]. ... The other OAR is the rule on Legal mail outs to our attorney. The legal Library will not give us legal envelope so we can send to our attorney." Amended Complaint (#11) p. 15-16. Plaintiff generally references these OARs as "291-139-0040(5)(a) and 291-109-0140(1)(a)." <u>Id</u>.

Plaintiff has not submitted evidence or argument that he exhausted administrative remedies - or even filed a grievance

---

[3]In his claim against defendant Nelson, plaintiff alleges that she refused to process a grievance he submitted because plaintiff used the word "shit" in the grievance. Amended Complaint (#11) p. 4.

7 - FINDINGS AND RECOMMENDATION

- regarding OAR 291-109-0140(1)(a) which requires inmates to use a "civil and respectful manner in their written grievances."

Plaintiff has submitted evidence that he filed a grievances regarding "OAR 291-139-0040 and the Official that denies me proper and adequate legal mailing services." Response to Motion to Dismiss (#78) Exhibits 6 - 12.

It is not clear from the record before the court whether or not plaintiff properly exhausted administrative remedies as to that grievance.

Defendant alleges that "one of the newly cited grievances appears to arise out of a grievance filed by plaintiff in 2005, namely G05-09-45, which is well beyond the applicable statute of limitations." Defendant's Reply (#85) p. 2. However, plaintiff alleges that he did not even go to prison until 2006 and initiated the grievance "several years later." Plaintiff's Opposition (#101) p. 3.

Grievance G05-09-05 is dated May 26, 2009, and appears to complain about *presently* being denied legal mailing envelopes ["I have stuff I need to mail out." Response (#78) Exhibit 6]. It does not appear to relate to any claim barred by the statute of limitations.

In any event, the crux of plaintiff's grievance appears to be that he was denied legal mailing envelopes, not that OAR

8 - FINDINGS AND RECOMMENDATION

291-139-0040 is unconstitutional. Thus, assuming *arguendo* that plaintiff exhausted remedies as to a complaint that he was denied mailing envelopes, he has clearly not exhausted administrative remedies as to a claim that the OAR at issue is unconstitutional. Moreover, plaintiff has failed to explain how the rule providing for indigent inmates to be supplied with a limited number of legal mail envelopes violates his rights or submitted any authority for his claim that the rule was held to be unconstitutional.

In addition, plaintiff has not alleged that defendant Williams was personally involved in denying him mailing envelopes or the enforcement of the referenced OAR. Thus, plaintiff apparently seeks to hold defendant Williams liable on a theory of *respondeat superior*. To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

It is well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally

involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. Id. A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in

10 - FINDINGS AND RECOMMENDATION

turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury."). Plaintiff has not alleged any facts that would establish any liability of defendant Williams based on these principles.

Based on all of the foregoing, defendants' Motion to Dismiss (#45) should be denied as to plaintiff's claims against defendant Lytle and allowed as to plaintiff's claims against defendant Williams. Plaintiff's Motion for Substitution of a Party (#91) should be denied without prejudice. Plaintiff's Motion to Reinstate Motion for Summary Judgment (#103) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

11 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 24 day of May, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge