IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOBBY SHANE CHARLTON,

        Plaintiff,        6:09-cv-01246-TC

        v.        FINDINGS AND RECOMMENDATION

OREGON DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that "the medical staff" at the Twin Rivers Correctional Institution, violated his due process rights and rights under the Eighth Amendment by failing to provide him "with a proper and certified medical diagnosis and subsequent treatment." Amended Complaint (#11) p. 1-2.

    In a Findings and Recommendation (#54) adopted by the

1 - FINDINGS AND RECOMMENDATION

Court's Order (#61), defendant's Motion to Dismiss (#45) was allowed on the ground that plaintiff had not exhausted administrative remedies with respect to his claims, and a Judgment of Dismissal without prejudice was entered (#62).

In a Memorandum (#76) entered October 10, 2012, the Ninth Circuit Court of Appeals held:

> The district court dismissed for failure to exhaust administrative remedies after interpreting a statement in Charlton's motion for extension of time as a concession to nonexhaustion.[1] However, Charlton later clarified that his statement had been misinterpreted and that he did not in fact concede nonexhaustion. Charlton also did not have the opportunity to oppose defendants' motion to dismiss before the district court dismissed for nonexhaustion. Accordingly, we vacate the judgment, and remand for further proceedings consistent with out disposition, including for the district court to allow Charlton an opportunity to oppose defendants' motion to dismiss.

Memorandum (#76) p. 2.

The parties then filed additional briefs and supporting declarations regarding the exhaustion of remedies. In a Findings and Recommendation (#107) entered May 24, 2013, the court found that plaintiff had conceded or abandoned his claims against all of the defendants except defendants Lytle and Williams. The court further found that plaintiff's

---

[1] In a request for extension of time (#45) filed in response to defendants' motion to dismiss, plaintiff stated that he was "unable to move forward ... at this time." He also alleged that he needed to "work through the grievance process and or get the Federal Court intervention."

2 - FINDINGS AND RECOMMENDATION

allegations failed to state a claim against defendant Williams. After reviewing the confusing record the court concluded that defendants had failed to establish that plaintiff failed to exhaust administrative remedies as to his claim that defendant Lytle violated his constitutional rights by failing to provide plaintiff with adequate treatment for his medical complaints.

Accordingly, the court recommended that defendants' Motion to Dismiss (#45) be allowed as to defendant Williams and denied as to defendant Lytle. The Findings and Recommendation (#107) was adopted by Judge Aiken's Order (#110) entered June 19, 2013.

As noted above the record concerning plaintiff's grievances was less than crystal clear. Defendants have now filed a Supplemental Motion to Dismiss and supplemented the record with additional and clarifying information.

The record reflects that plaintiff filed two grievances concerning defendant Lytle. The court's analysis concerning those grievances was set forth in the previous Findings and Recommendation as follows:

> On November 14, 2008, the grievance coordinator at TRCI received a grievance from plaintiff dated November 10, 2008. Plaintiff's grievance concerned Dr. Lytle's treatment of his shoulder. The grievance was accepted, processed, and assigned a number G08-11-16.
> Plaintiff received a grievance response signed and dated by S. Johnson on November 26,

3 - FINDINGS AND RECOMMENDATION

2008. *See*, Declaration of Vickie Reynolds (#47) p.4-5 and Attachment 4 p. 186 - 188; *see also* Id. Attachment 4, p. 172 (plaintiff's statement that he received the Grievance Response to Grievance G0811-16.

The Declaration of Vicki Reynolds states that plaintiff did not file a grievance appeal.

Plaintiff has not controverted the Reynolds Declaration or submitted evidence or argument that he appealed the response to Grievance G08-11-16. Therefore, I find that plaintiff did not exhaust administrative remedies as to Grievance G08-11-16 concerning Dr. Lytle's treatment of his shoulder pain.

On April 15, 2009, the Grievance Coordinator at EOCI received a grievance from plaintiff dated March 25, 2009 complaining about Dr. Lytle's treatment of his shoulder and requesting that he be paid for his pain and discomfort and for "the nerve damage I will probably have for the rest of my life." Declaration of Vicki Reynolds (#47) p. 5 and Attachment 4, p. 161. The grievance was accepted, processed, and assigned number G09-04-41 and forwarded to Health Services for a response. Id.

The Declaration of Vicki Reynolds states that "[t]he grievance response was then forwarded to Inmate Charlton." Declaration of Vicki Reynolds (#47) p. 6 and Attachment 4, p. 123; *see also*, Response to Motion to Dismiss (#78) p. 2 and Exhibit 2 and Plaintiff's Opposition (#101) p. 6. Plaintiff alleges that on May 26, he also received a copy of a previous Grievance Response to Grievance G08-11-16. *See*, Plaintiff's Opposition (#101) p. 6, and Response to Motion to Dismiss (#78) p. Exhibit 2.

Plaintiff alleges that he "responded on May 30, 2009 by filing a Second Grievance Appeal Exhibit 5 but received no response to this. Response to Motion to Dismiss (#78), p. 2. Plaintiff's "Exhibit 5" is a Grievance Appeal Form concerning a "second" appeal of Grievance G09-04-41.

The Declaration of Vicki Reynolds states "(20) On April 25, 2009, Inmate Charlton filed a grievance appeal. ... (21) On April 29,2009 the grievance appeal was returned as denied for failing to file the grievance within the period allowed.

4 - FINDINGS AND RECOMMENDATION

> (14) days. Declaration of Vicki Reynolds (#47) p. 6. However, the exhibits referenced by Ms. Reynolds are a Grievance Appeal dated April 25, 2009, and a Grievance Appeal Return Notice dated April 25, 2009, a month before plaintiff received the Grievance response to G09-04-41. *See* Declaration fo Vicki Reynolds (#46) p. 6, footnotes 15 and 16, Attachment 4, p. 95 and 99.
> Plaintiff apparently filed multiple overlapping grievances concerning similar issues and the history of his grievance process is complicated. Neither party has presented a history of plaintiff's grievances concerning Dr. Lytle.
> However, this much is clear. The April 25, 2009, grievance appeal that was denied as untimely could not have been as to the Grievance response received by plaintiff on May 26, 2009. Moreover, plaintiff filed a grievance appeal on May 30, 2009 specifically referring to Grievance G09-04-41. Defendants have not controverted plaintiff's allegation that defendants did not respond to that grievance appeal or presented any argument regarding that document [Plaintiff's Opposition (#101) Exhibit 3.
> Under these circumstances, defendants have failed to establish that plaintiff failed to exhaust administrative remedies as to his claim against defendant Lytle

Findings and Recommendation (#107) p. 3-6.

Defendants have submitted the Supplemental Declaration of Vicki Reynolds in support of their Supplemental Motion to Dismiss. That declaration states in relevant part:

> 1.   I make this Supplemental Declaration to compliment and correct part of my previously submitted Declaration in this case, dated October 14, 2010.
>
> 2.   After review of the records in this matter, I need to correct Paragraphs 20 and 21 of the previous declaration as follows:
>
> 3.   With respect to grievance G09-04-41, I previously stated that on April 25, 2009, inmate

5 - FINDINGS AND RECOMMENDATION

>   Charlton filed a grievance appeal. This was stated in error. In fact, inmate Charlton on that date filed a grievance appeal from grievance G08-11-16, not G09-04-41.
>
>   4.   My previous statement in Paragraph 21 in my previous declaration that, "on April 29, 2009, the grievance appeal was returned as denied for failing to file the grievance appeal within the time period (14 days)," was accurate, but as pertaining only to the grievance number G08-11-16, not G09-04-41.
>
>   5.   According to my review of the files, inmate Charlton never filed a grievance appeal from G09-04-41.

Supplemental Declaration of Vicki Reynolds (#120) p. 1-2.

Plaintiff filed multiple and overlapping grievances and apparently misinterpreted defendants' responses. Specifically, it appears that in order to assist plaintiff to understand that he had already received a response to his 2008 grievance (G08-11-16) the ODOC sent plaintiff another copy of the response to that grievance. Plaintiff apparently misinterpreted this as responding to his 2009 grievance (G09-04-41). Some of the confusion may have been accentuated by plaintiff's transfer from TRCI to EOCI in December, 2008.

Although the sequence of the events is somewhat confusing, the following dispositive facts are supported by the Declaration of Vicki Reynolds as corrected and the Chronology of Grievance/complaints, Exhibit A to the Supplemental Declaration of Viki Reynolds.

1.) On April 29, 2009, plaintiff filed a grievance appeal to

6 - FINDINGS AND RECOMMENDATION

G08-11-16. That appeal was returned to plaintiff because it was not filed within 14 days of the grievance response.

2.) Plaintiff did not file an appeal from defendants response to his 2009 grievance, G09-04-41.

Thus, plaintiff did not exhaust his administrative remedies with respect to his claim against defendant Lytle - the sole claim remaining in this action.

Defendants' Supplemental Motion to Dismiss (#119) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

7 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this \_8\_ day of April, 2014.

```
                                    _____
                                    Thomas M. Coffin
                                    United States Magistrate Judge
```